THE DOMESTIC SEWING MACHINE CO. v. JOHNSON.

SIMMONS, J.—Under the facts of this case, there was no error in the refusal of the court below to grant the order asked for by the plaintiff in error.                    *Judgment affirmed.*
April 8, 1889.

Receivers. Practice in superior court. Before Judge HANSELL. Brooks county. At chambers, February 21, 1889.

The plaintiff's petition alleged as follows : W. F. Johnson is indebted to it $90 upon a justice's court judgment, and is insolvent. Plaintiff is advised and believes that F. L. Jones will, in a few days, receive a bill of exchange drawn by M. C. Davis, supreme accountant of the order of the Iron Hall, for $500, payable to Johnson, with instructions to turn the same over in full settlement of the final benefit due Johnson on a policy in that order. On February 15th, 1888, Johnson appointed D. W. Rountree his attorney in fact, irrevocably authorizing him to collect the policy and apply so much of the proceeds as might be necessary to the payment of his note for $300, due September 30th, 1888, the balance of the policy to be subject to Johnson's order. Subsequently Johnson drew on Rountree for $200, and Rountree accepted the draft, payable whenever the fund was realized from the policy, and Johnson now has the draft in his possession, custody or control. Petitioner apprehends the loss of its claim against Johnson, unless the court intervenes. Waiving discovery, petitioner prays for injunction against Johnson from receiving, endorsing, transferring or disposing of the bill of exchange and the draft on Rountree, as well as their proceeds ; and to restrain him from attempting to collect any money on either paper. Also to restrain Jones from delivering the bill of exchange to Johnson or any one else except Rountree. Also for a receiver to take charge of whatever amount may be left of the bill of exchange or its proceeds after paying

the note for which the policy was hypothecated. Also for general relief and process. This petition was sworn to by Daniel W. Rountree on December 19th, 1888, his affidavit stating that he was attorney in fact for the plaintiff. A restraining order, dated December 21st, was granted.

The court granted a petition of Rountree to be made a party plaintiff, upon the following statement: On February 15th, 1888, Johnson executed a power of attorney, irrevocably appointing Rountree his attorney in fact, and authorizing him to receive the amount of the policy and apply so much of its proceeds as might be necessary to the payment of the note for $300 due September 30th, the balance to be paid to Johnson's order. The effect of this instrument was to pass title to Rountree as collateral security for the note. Notwithstanding this, and after the filing of this bill, and after a copy of the restraining order granted thereon had been served on defendant by leaving it at his place of residence, Johnson went to Indianapolis and collected the $500 due on the policy, after having been notified that he must not do so. He thereby perpetrated a fraud on Rountree, and in equity should be made to turn the amount so collected over to the court or its receiver. Rountree further prays that a receiver be appointed to demand and receive from Johnson the $500 so collected.

Service of the bill and amendment was acknowledged January 9th, 1889, before the hearing, by W. S. Humphreys, attorney for defendant.

The respondent answered as follows: F. L. Jones never at any time received a bill of exchange drawn by M. C. Davis, supreme accountant, etc. for $500, payable to respondent. Davis is not supreme accountant, but is supreme cashier. The consideration of the note for $300 given by respondent to Rountree was a gristmill; such consideration failed in that the drive-wheel

received as a part of the mill did not belong to Rountree, but was the property of C. Groover & Co., of which fact respondent was not advised at the time or before he gave the note. He has stored with J. S. Harris, at Quitman, the mill as he received it. He offers to give it up to Rountree at any time he will give up the $300 note. He had no service of any restraining order issued by the judge in this case before he received the amount due him by the order of the Iron Hall. At the time respondent appointed Rountree his attorney in fact, he notified Rountree that he (Rountree) could not collect the amount that would be due respondent. The power of attorney was, in respondent's opinion, violated by Rountree in undertaking to work for the plaintiff to the injury of the defendant. Respondent has no bill or exchange, draft or acceptance drawn on Rountree, and has not had any; he holds no demand against Rountree in the way of exchange, draft or acceptance, and has never transferred to any one any claim or demand against Rountree. "He left Quitman, Ga. on the night of December 24th, 1888, for the northwest, and on the 24th of December, 1888, respondent had a full and final settlement with the order of the Iron Hall in the city of Indianapolis, Indiana." Respondent is not a trader or insolvent trader. He has paid out the $500 in settlement of claims for necessaries for himself and family.

The judge passed an order appointing a receiver, "and that he be authorized to receive from the defendant any assets he may receive from the order of the Iron Hall or had in his control since the bill was amended by making D. W. Rountree a complainant, and that injunction issue as prayed." The plaintiffs except, and say "that the receiver should have been directed to demand and receive from the said defendant any and all assets which he may have received from the said Iron Hall at any time since the filing of the bill; and

to the failure of the judge to pass this order the plaintiffs except and assign the same as error."

D. W. ROUNTREE, by brief, for plaintiffs.

W. S. HUMPHREYS, by brief, for defendant.